UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT E. WYCHE,
     Petitioner,

v.                             Case No. 8:20-cv-492-KKM-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,
     Respondent.
_____

## ORDER

Robert E. Wyche files a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his state court convictions for racketeering and human trafficking. (Doc. 1.) The Respondent asserts that the five claims in the petition are meritless. (Doc. 9.) Having considered the timely petition,[1] (Doc. 1), the response in opposition, (Doc. 9), and Wyche's reply, (Doc. 10), the Court denies the petition and does not issue a certificate of appealability.

---

[1] A state prisoner has one year from the date his judgment becomes final to file a § 2254 petition. *See* § 2244(d)(1). This one-year limitation period is tolled during the pendency of a properly filed state motion seeking collateral relief. *See* § 2244(d)(2). Because Wyche did not appeal his judgment and sentences, the limitation period began to run on September 23, 2016, when the time to appeal expired. *See* Fla. R. App. P. 9.140(b)(3). On August 30, 2017, Wyche placed in the hands of prison officials for mailing a motion for postconviction relief. (Doc. 9-2 at 37–49.) At that time, 341 days ran on the limitation period. After the postconviction court denied relief, Wyche appealed, the state appellate court affirmed, and mandate on appeal issued on March 11, 2020. (Doc. 9-2 at 176.) Because Wyche placed in the hands of prison officials for mailing his § 2254 petition on February 27, 2020, (Doc. 1 at 13), and 341 days ran on the limitation period, Wyche timely filed the petition under review.

## I. BACKGROUND

### A. Procedural Background

Wyche pleaded guilty to racketeering and human trafficking. (Doc. 9-2 at 15–24.) The trial court accepted the parties' negotiated plea agreement and sentenced Wyche to two concurrent terms of ten years in prison followed by ten years of probation. (Doc. 9-2 at 28–32.) Wyche did not appeal his convictions and sentences and instead moved for postconviction relief. The postconviction court denied relief without an evidentiary hearing, (Doc. 9-2 at 99–108), Wyche appealed, and the state appellate court per curiam affirmed without a written opinion, (Doc. 9-2 at 164). Wyche's federal petition follows.

### B. Factual Background[2]

Between November 1, 2008, and November 5, 2014, Wyche associated with an enterprise comprised of Wyche and five other individuals and participated in the affairs of the enterprise through a pattern of racketeering. (Doc. 9-2 at 194.) During the relevant period, Wyche possessed with intent to sell marijuana, cocaine, and other controlled substances, derived financial support from prostitution, engaged in human trafficking, and physically battered a person. (Doc. 9-2 at 194–97.) The prosecutor identified thirteen predicate acts of racketeering activity that Wyche committed. (Doc. 9-2 at 194–97.)

---

[2] At the change of plea hearing, the trial court determined that a factual basis supported the plea. (Doc. 9-2 at 197.) The factual background derives from the summary of the evidence presented by the prosecutor at the hearing. (Doc. 9-2 at 194–97.)

## II. STANDARDS OF REVIEW UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The power of the federal courts to grant a writ of habeas corpus setting aside a state prisoner's conviction on a claim that his conviction was obtained in violation of the United States Constitution is strictly circumscribed." *Green v. Sec'y, Dep't of Corr.*, 28 F.4th 1089, 1093 (11th Cir. 2022).

Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of § 2254(d)(1), the phrase "clearly established Federal law" encompasses the holdings only of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). This section

"defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court." *Id.* at 404. First, a decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413.

Second, a decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. As a result, to obtain relief under the AEDPA, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that "[t]he state court's application of

4

clearly established federal law must be objectively unreasonable" for a federal habeas petitioner to prevail and that the state court's "clear error" is insufficient).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). But the habeas court is "not limited by the particular justifications the state court provided for its reasons, and [it] may consider additional rationales that support the state court's determination." *Jennings v. Sec'y, Fla. Dep't of Corr.*, 55 F.4th 1277, 1292 (11th Cir. 2022). When the relevant state-court decision is not accompanied with reasons for the decision—such as a summary affirmance without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. The state may "rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Id.*

For purposes of § 2254(d)(2), "it is not enough to show that 'reasonable minds reviewing the record might disagree about the finding in question.'" *Brown v. Davenport*, 142 S. Ct. 1510, 1525 (2022) (quotations omitted). "An unreasonable determination of the facts occurs when the direction of the evidence, viewed cumulatively, was too powerful to

conclude anything but the petitioners factual claim." *Teasley v. Warden, Macon State Prison*, 978 F.3d 1349, 1355 (11th Cir. 2020) (internal quotation marks and alterations omitted). A state court's findings of fact are presumed correct, and a petitioner can rebut the presumption of correctness afforded to a state court's factual findings only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Even where a petitioner succeeds in rebutting the presumption, he must show that the state court's decision is "based on" the incorrect factual determination. *Pye v. Warden, Ga. Diag. Prison*, 50 F.4th 1025, 1035 (11th Cir. 2022). This is because a state court decision may still be reasonable "even if some of the state court's individual factual findings were erroneous—so long as the decision, taken as a whole, doesn't constitute an 'unreasonable determination of the facts' and isn't 'based on' any such determination." *Id.* (quoting *Hayes v. Sec'y, Fla. Dep't of Corr.*, 10 F.4th 1203, 1224–25 (11th Cir. 2021) (Newsom, J., concurring)).

In addition to satisfying the deferential standard of federal court review of a state court adjudication, a federal habeas petitioner must present his claims by raising them in state court before bringing them in a federal petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A petitioner satisfies this requirement if he fairly presents the claim

6

in each appropriate state court and alerts that court to the federal nature of the claim. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Wyche brings claims for ineffective assistance of counsel under the Sixth Amendment. Under the well-known, two-part standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed, he must show both deficient performance by his counsel and prejudice resulting from those errors. *Id.* at 687.

The first part "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The lynchpin of this analysis is whether counsel's conduct "was reasonable considering all the circumstances." *Id.* at 688. A petitioner establishes deficient performance if "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

The second part requires showing that the deficient performance prejudiced the defense. *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the context of guilty pleas—where there is no proceeding to evaluate because the defendant has forfeited the proceeding entirely—prejudice must be demonstrated by showing a "reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Stated otherwise, the prejudice in the guilty plea context "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.*

"The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Consequently, federal petitioners rarely prevail on claims of ineffective assistance of counsel because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (quotation and citations omitted).

## III. <u>ANALYSIS</u>

### A. Ground One

Wyche asserts that trial counsel deficiently performed by failing to investigate a confidential informant to discover a viable defense to the criminal charges. (Doc. 1 at 4.) He contends that, if trial court had investigated the confidential informant and advised him of a viable defense, he would have rejected the plea and insisted on proceeding to trial. (Doc. 1 at 4.)

9

The state postconviction court denied the claim because (1) Wyche failed to identify what information that trial counsel would have discovered if he investigated the confidential informant "other than '[Wyche] never sold any drugs to [the confidential informant] and [the confidential informant] was lying about his interactions with [Wyche]," (2) Wyche admitted that, before his plea, he knew that police arrested the confidential informant and, the arrest damaged the confidential informant's credibility, and (3) Wyche failed to demonstrate a reasonable probability that he would have insisted on proceeding to trial because he faced a maximum sentence of 120 years in prison if the jury found him guilty and instead received a ten-year sentence after entering a negotiated plea. (Doc. 9-2 at 103.)

In his motion, Wyche alleged that he gave to counsel before trial a newspaper article which stated that the confidential informant had arranged fictitious drug transactions and had stolen money from the sheriff's office. (Doc. 9-2 at 88.) He contended that, if counsel had investigated the confidential informant, counsel would have discovered that (1) Wyche never sold drugs to the confidential informant, (2) the confidential informant lied to a detective by claiming that he had spoken with Wyche and purchased drugs from Wyche over a year before the offenses in this case, and (3) Wyche never possessed cocaine during the relevant period of this case. (Doc. 9-2 at 90.) Wyche did not submit with his motion evidence to demonstrate that counsel would have discovered this exculpatory evidence if he

had investigated the confidential informant. Because "'[s]peculation is insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation,'" the state postconviction court did not unreasonably deny the claim. *Brownlee v. Haley*, 306 F.3d 1043, 1060 (11th Cir. 2002) (quoting *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985)).

Also, the evidence that Wyche contends that counsel would have discovered if he had investigated the confidential informant would have exculpated Wyche only of the drug trafficking charge and one of the predicate acts supporting the racketeering and racketeering conspiracy charges. The drug trafficking charge and the second predicate act supporting the racketeering and racketeering conspiracy charges alleged that Wyche possessed with intent to sell cocaine on October 26, 2014. (Doc. 9-2 at 3, 8, 12) An affidavit supporting a warrant for Wyche's arrest stated that Wyche sold cocaine to the confidential informant on October 26, 2014. (Doc. 9-2 at 257–59.) The affidavit did not describe any other criminal activity between Wyche and the confidential informant.[3]

The amended information alleged that Wyche committed an additional sixteen predicate acts to support the racketeering and racketeering conspiracy charges, including

---

[3] In a police report, the detective stated that the confidential informant reported that during the drug transaction Wyche told him that "his girls do a lot of the work for him and that he makes them sell dope and f*ck and in return he gives them dope." (Doc. 9-2 at 68.) Wyche further told the confidential informant that "he makes them sell the dope in the bathroom of the bars" and explained "how to recruit the girls and put them on Backpage for their services." (Doc. 9-2 at 68.)

battery, possession with the intent to deliver cocaine to a person (who was not the confidential informant, on October 12, 2014), deriving support from the proceeds of prostitution, and human trafficking. (Doc. 9-2 at 3–11.) A conviction for racketeering and racketeering conspiracy requires proof of only two predicate acts. § 895.02(4), Fla. Stat. (2008) (defining "pattern of racketeering activity" as "engaging in at least two incidents of racketeering conduct"). The amended information further charged Wyche with human trafficking. (Doc. 9-2 at 11.)

In the affidavit, a detective identified seven victims who stated that Wyche advertised them on the internet for prostitution, paid them drugs to engage in prostitution for money with other men, and threatened, beat, and withheld drugs from them to coerce them to continue to engage in prostitution. (Doc. 9-2 at 240–50.) Also, on October 12, 2014, the detective intercepted a telephone call between Wyche and a person, who was not the confidential informant, arranging the sale of cocaine. (Doc. 9-2 at 257.) The evidence that Wyche contends that trial counsel would have discovered if he had investigated the confidential informant would not have exculpated Wyche of these additional predicate acts and the human trafficking charge.

The prosecutor charged Wyche with racketeering, conspiracy to engage in racketeering, human trafficking, and cocaine trafficking, first-degree felonies punishable by thirty years in prison. (Doc. 9-2 at 2–13.) §§ 775.082(3)(b), 787.06(3)(b), and

893.135(1)(b)(1)(a), Fla. Stat. (2014); §§ 775.082(3)(b) and 895.04(1), Fla. Stat. (2008). As a result, Wyche faced a 120-year prison sentence. In exchange for Wyche's guilty plea to the racketeering and human trafficking charges, the prosecutor agreed to a ten-year prison sentence and agreed to dismiss the drug trafficking and racketeering conspiracy charges. (Doc. 9-2 at 15–24.)

Because Wyche could not demonstrate a reasonable probability that, but for counsel's failure to investigate the confidential informant, he would have rejected the extremely favorable plea offer, would have insisted on proceeding to trial on all charges, and would have risked a 120-year prison sentence, the state postconviction court did not unreasonably deny the claim. *Hill*, 474 U.S. at 59 ("[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial."). Ground One warrants no relief.

## B. Ground Two

Wyche asserts that counsel was ineffective for not moving to suppress fifty-eight grams of cocaine that Wyche sold to the confidential informant and for not moving to

13

suppress statements that he made to the confidential informant during the drug transaction. (Doc. 1 at 5–6.) He contends that, if counsel had moved to suppress this incriminating evidence, the motion would have succeeded, and he would have insisted on proceeding to trial. (Doc. 1 at 6.)

The state postconviction court denied the claim because Wyche failed to allege that law enforcement violated the Fourth Amendment. (Doc. 9-2 at 108.) He instead claimed that law enforcement did not observe the drug transaction and that the confidential informant lied about incriminating admissions that Wyche made during the transaction. (Doc. 9-2 at 108.) The state postconviction court determined that neither justified suppression of the evidence. (Doc. 9-2 at 108.)[4]

In his motion, Wyche alleged that the confidential informant falsely told police that Wyche admitted during the drug transaction that he posted advertisements for prostitutes on the internet, forced the prostitutes to sell drugs for him, and paid the prostitutes with drugs. (Doc. 9-2 at 94.) Wyche further alleged that a lieutenant, a sergeant, and two

---

[4] The Respondent asserts that the claim is procedurally barred because the state postconviction court's denial of the claim rested on an independent and adequate state ground. (Doc. 9 at 15.) The state postconviction court determined that a motion to suppress would not have succeeded because Rule 3.190(g), FLA. R. CRIM. P., which governs a motion to suppress, does not authorize suppression of a witness's admissible and lawfully obtained testimony. (Doc. 9-2 at 108.) Because the state postconviction court did not determine that the claim was defaulted because Wyche violated a state procedural rule and instead relied on Rule 3.190(g) to explain why the claim was meritless, the claim is not procedurally barred. *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1184 (11th Cir. 2021) ("'A federal habeas claim may not be reviewed on the merits where a state court determined . . . that the petitioner failed to comply with an independent and adequate state procedural rule that is regularly followed.'" (citation omitted)).

detectives observed Wyche and the confidential informant nearby but did not observe the transaction. (Doc. 9-2 at 94.)

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Utah v. Strieff*, 579 U.S. 232, 237 (2016). "[T]he exclusionary rule—the rule that often requires trial courts to exclude unlawfully seized evidence in a criminal trial—[is] the principal judicial remedy to deter Fourth Amendment violations." *Id.* "Under the [U.S. Supreme] Court's precedents, the exclusionary rule encompasses both the 'primary evidence obtained as a direct result of an illegal search or seizure' and [ ] 'evidence later discovered and found to be derivative of an illegality,' the so-called 'fruit of the poisonous tree.'" *Id.* (quoting *Segura v. United States*, 468 U.S. 796, 804 (1984)).

Even though law enforcement officers did not observe the drug transaction, the confidential informant observed the transaction and could lawfully testify about those observations. § 90.604, Fla. Stat. Also, even though Wyche contended that the confidential informant lied about Wyche's incriminating admissions, the confidential informant could still testify about those incriminating admissions, and Wyche could impeach the confidential informant's credibility. §§ 90.608 and 90.803(18)(a), Fla. Stat. Because Wyche did not allege facts that demonstrated that law enforcement violated his Fourth Amendment right against unreasonable searches and seizures or any other state or federal

right that would justify suppression, a motion to suppress would not succeed, and the post-conviction court did not unreasonably deny the claim. *Hoffa v. United States*, 385 U.S. 293, 302 (1966) ("Neither this Court nor any member of it has ever expressed the view that the Fourth Amendment protects a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it.").

In his federal petition, Wyche further asserts that the confidential informant's allegedly false statements to police supported affidavits authorizing the warrant for his arrest and a warrant to search his property. (Doc. 1 at 6.) He contends that these allegedly defective affidavits further justify suppression. (Doc. 1 at 6.) He did not raise this claim in his postconviction motion, (Doc. 9-2 at 94), and he first raised the claim in his brief on postconviction appeal, (Doc. 9-2 at 153, 155). A defendant may not raise a claim for the first time on postconviction appeal in a Florida court. *Mendoza v. State*, 87 So. 3d 644, 660 (Fla. 2011). If Wyche returned to state court to present the claim, the state postconviction court would deny the claim as untimely and successive. Fla. R. Crim. P. 3.850(b), (h). Because Wyche failed to fairly present the claim to the postconviction court, the claim is procedurally defaulted on federal habeas. *Harris v. Sec'y, Fla. Dep't Corrs.*, 709 F. App'x 667, 668 (11th Cir. 2018) ("A party does not fairly present a claim if he presents the claim in state court for the first time in a procedural context in which the merits will

not ordinarily be considered." (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Ground Two warrants no relief.

### C. Ground Three

Wyche asserts that counsel was ineffective for not moving to dismiss the charges. (Doc. 1 at 7.) He contends that counsel should have investigated and discovered that the confidential informant's statements, which supported the warrants authorizing his arrest and a search of his property, were false and that no other evidence supported the charges. (Doc. 1 at 7.) He contends that a motion to dismiss would have succeeded and that he would not have pleaded guilty if counsel had moved to dismiss the charges. (Doc. 1 at 7.)

The state postconviction court denied the claim because a pre-trial motion to dismiss would not have succeeded. (Doc. 104–06.) Under Rule 3.190(c)(4), FLA. R. CRIM. P., a trial court may grant a motion to dismiss if "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." Whether a pre-trial motion to dismiss would succeed is an issue of state law, and a state court's determination of state law receives deference in federal court. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Wyche contended that evidence of prostitution derived from testimony by "jailhouse prostitutes" who received benefits from law enforcement, including money, placement in drug rehabilitation facilities, and favorable plea offers, in exchange for their cooperation

and, for that reason, the prosecutor could not prove the predicate acts based on prostitution; the state postconviction court determined that the claim was speculative and attacked only the credibility of the witnesses. (Doc. 9-2 at 104–05.) Because "a trial judge may not try or determine factual issues nor consider the weight of conflicting evidence or the credibility of witnesses when considering a rule 3.190(c)(4) motion to dismiss," a motion to dismiss would not succeed, and the state postconviction court did not unreasonably deny this sub-claim. *State v. Williamson*, 348 So. 3d 48, 51 (Fla. 5th DCA 2022).

Wyche contended that communications intercepted by a wiretap on his telephone failed to link him to the prostitutes; the state postconviction court determined that this claim was speculative and conclusory. (Doc. 9-2 at 104.) In his postconviction motion, Wyche failed to present evidence to substantiate his claim. (Doc. 9-2 at 53.) In the affidavit authorizing the warrant for Wyche's arrest, a detective identified seven victims who stated that Wyche advertised them on the internet for prostitution, paid them drugs to engage in prostitution for money with other men, and threatened, beat, and withheld drugs from them to coerce them to continue to engage in prostitution. (Doc. 9-2 at 240–50.) Police also intercepted telephone calls from jail between Wyche and his girlfriend, a co-defendant, discussing the recruitment of new victims and using the internet to further engage in human trafficking. (Doc. 9-2 at 250–52, 256.) Because the affidavit creates a dispute in

material facts, a motion to dismiss would not succeed, and the state postconviction court did not unreasonably deny this sub-claim.

Wyche contended that the prosecutor could not charge him with racketeering without the confidential informant's statements; the state postconviction court determined that the claim was speculative, conclusory, and refuted by the affidavit supporting the warrant authorizing his arrest. (Doc. 9-2 at 104, 105.) The second predicate act supporting the racketeering and racketeering conspiracy charges alleged that Wyche possessed with intent to sell cocaine on October 26, 2014. (Doc. 9-2 at 3, 8, 12) In the affidavit supporting Wyche's arrest, the detective stated that Wyche sold the confidential informant cocaine on October 26, 2014. (Doc. 9-2 at 257–59). The affidavit did not describe any other criminal activity between Wyche and the confidential informant.

The amended information also alleged an additional sixteen predicate acts supporting the racketeering and racketeering conspiracy charges including that Wyche battered a person, sold cocaine to a person (who was not the confidential informant, on October 12, 2014), derived support from the proceeds of prostitution, and engaged human trafficking. (Doc. 9-2 at 7–11.) As explained above, in the affidavit, the detective identified seven victims who stated that Wyche battered them, derived support from the proceeds of prostitution, and engaged in human trafficking. Also, on October 12, 2014, the detective intercepted a telephone call between Wyche and the other person arranging the sale of

19

cocaine.                                                                      (Doc.

9-2 at 257.) A conviction for racketeering and racketeering conspiracy requires proof of

two predicate acts. § 895.02(4), Fla. Stat. (2008). Because the prosecutor could prove the

racketeering and racketeering conspiracy charges even without the confidential informant's

statements, a motion to dismiss would not succeed, and the state postconviction court did

not unreasonably deny this sub-claim.

Wyche contended that an audio recording of the drug transaction between him and

the confidential informant failed to prove that he sold cocaine to the confidential

informant; the state postconviction court determined that the claim was speculative,

conclusory, and refuted by a police report attached to his postconviction motion. (Doc.

9-2 at 105.) In the police report, a detective stated that (Doc. 9-2 at 68): "[He] was able to

monitor the transaction through a two-way radio. . . . [He] listened to the audio of the

transaction that [he] had downloaded from the electronic transmitting device. The audio

was consistent with the transaction, but it was hard to hear some of the audio [due to]

activities inside the bar." Also, because the confidential informant observed the transaction

and could lawfully testify about his observations, the prosecutor could prove the transaction

even without the audio recording. § 90.604, Fla. Stat. Because the police report and the

confidential informant's statements create a dispute in material facts, a motion to dismiss

would not succeed, and the state postconviction court did not unreasonably deny this sub-claim.

Wyche contended that law enforcement's search of the saloon, another bar, and a co-defendant's home "did not produce 'evidence of any value'"; the state postconviction court determined that the claim was speculative, conclusory, and refuted by the prosecutor's discovery notice. (Doc. 9-2 at 105.) The prosecutor's discovery notice identified cash, computer equipment, mobile telephones, drugs, cameras, an address book, and other documents seized during a search of four locations. (Doc. 9-2 at 270–73.) Because the prosecutor's discovery notice creates a dispute in material facts, a motion to dismiss would not succeed, and the state postconviction court did not unreasonably deny this sub-claim.

Wyche contended that sixteen of the predicate acts not related to the confidential informant were insufficient to support the racketeering and racketeering conspiracy charges; the state postconviction court determined that the claim was speculative and conclusory. (Doc. 9-2 at 105.) For these remaining sixteen predicate acts, the amended information alleged that Wyche sold cocaine on October 12, 2014, battered a person, derived support from the proceeds of prostitution, and engaged in human trafficking. (Doc. 9-2 at 7–11.) Because § 895.02(1)(a)(22), (23), (25), and (42), Fla. Stat. (2008), defines "racketeering activity" as crimes "relating to assault and battery," "relating to kidnapping or

human trafficking," "relating to prostitution and sex trafficking," and "relating to drug abuse prevention and control," a motion to dismiss would not succeed, and the state postconviction court did not unreasonably deny this sub-claim.

Wyche contended that the first, thirteenth, fourteenth, and sixteenth predicate acts occurred many years before the charges and therefore were barred by the statute of limitation; the state postconviction court determined that the claim was conclusory. (Doc. 9-2 at 105.) "[A] criminal or civil action or proceeding under [Florida's racketeering statutes] may be commenced at any time within five years after the conduct in violation of a provision of this act terminates or the cause of action accrues." § 895.05(10), Fla. Stat. (2008). "The limitations period commences upon the date the 'crime' is completed which, for substantive [racketeering] purposes, is the date of the last charged predicate act committed by the individual defendant." *State v. Reyan*, 145 So. 3d 133, 139 (Fla. 3d DCA 2014). The amended information alleged that Wyche committed predicate acts in 1986 through 1994, 2008, and 2009, (Doc. 9-2 at 3–4, 6, 7–8, 10), and the prosecutor filed the amended information on December 9, 2014. However, because the amended information also alleged that Wyche committed predicate acts in 2013 and 2014, (Doc. 9-2 at 2–7), a motion to dismiss would not succeed, and the state postconviction court did not unreasonably deny this sub-claim.

22

Wyche contended that he was never arrested or charged for the accusations by the "prostitutes"; the state postconviction court determined that the claim was refuted by the amended information. (Doc. 9-2 at 105.) Because the amended information charged Wyche with racketeering and human trafficking and identified predicate acts for human trafficking and for deriving support from the proceeds of prostitution, a motion to dismiss would not succeed, and the state postconviction court did not unreasonably deny this sub-claim.

Wyche contended that the prosecutor could not have secured the attendance of the "prostitutes" to testify at trial; the state postconviction court determined that the claim was speculative. (Doc. 9-2 at 105.) Because in his postconviction motion Wyche failed to present evidence to substantiate this allegation, (Doc. 9-2 at 53), the state postconviction court did not unreasonably deny this sub-claim.

In his federal petition, Wyche contends that only the allegedly false statements by the confidential informant supported the affidavit for his arrest and the affidavit for the search of his property. (Doc. 1 at 7.) He contends that no other evidence proved his guilt. (Doc. 1 at 7.) The record refutes this allegation. In the thirty-four-page affidavit supporting Wyche's arrest, the detective summarized his interviews with seven victims, who stated that Wyche advertised them for prostitution on the internet, forced them to give Wyche all the money earned from the prostitution, battered them if they did not comply, and paid them

23

with addictive drugs. (Doc. 9-2 at 241–50.) The detective also summarized his interviews

with other individuals who described Wyche's criminal enterprise, (Doc. 9-2 at 240–42),

summarized telephone calls between Wyche and a co-defendant discussing the recruitment

of new victims, (Doc. 9-2 at 251–52, 256), and summarized telephone calls and text

messages between Wyche and other individuals engaging in narcotics trafficking, including

the sale of cocaine on October 12, 2014, (Doc. 9-2 at 252–57).

For the sale of cocaine on October 26, 2014, to the confidential informant, the

detective stated that he heard telephone calls between Wyche and the confidential

informant arranging the sale of the cocaine, searched the confidential informant for

contraband before the sale, placed a wireless transmitting device on the confidential

informant to monitor the sale, gave the confidential informant money to purchase the

cocaine, and seized the cocaine from the confidential informant after the sale. (Doc. 9-2 at

258–59.)

Because this additional evidence created disputes in material facts and proved

Wyche's guilt, a motion to dismiss would not succeed, and the state postconviction court

did not unreasonably deny the claim. Fla. R. Crim. P. 3.190(c)(4). *State v. Delprete*, 331

So. 3d 174, 178 (Fla. 4th DCA 2021) ("In a traverse, '[t]he State need only specifically

dispute a material fact alleged by the defendant or add additional material facts that meet

the minimal requirement of a prima facie case. If a material fact is disputed, denial of the

motion to dismiss is mandatory.'" (quoting *State v. Kalogeropolous*, 758 So. 2d 110, 112 (Fla. 2000)). Ground Three warrants no relief.

### D. Ground Four

Wyche asserts that counsel was ineffective for not deposing the confidential informant before trial. (Doc. 1 at 8–9.) He contends that the confidential informant would have admitted that he stole money from the sheriff's department, arranged fictitious drug transactions, and lied to investigators about those drug transactions. (Doc. 1 at 8.) He contends that he would have rejected the plea offer and insisted on proceeding to trial because counsel could have impeached the confidential informant with the deposition testimony. (Doc. 1 at 8–9.)

The state postconviction court denied the claim as facially insufficient because Wyche speculated that the confidential informant would have testified at a deposition in the manner that he contended. (Doc. 9-2 at 106.) A postconviction court's dismissal of a claim as facially insufficient is an adjudication on the merits owed deference under § 2254(d). *Pope v. Sec'y, Dep't Corrs.*, 680 F.3d 1271, 1285–86 (11th Cir. 2012) (citing *Borden v. Allen*, 646 F.3d 785, 810–13 (11th Cir. 2011)).

In his motion for postconviction relief, Wyche alleged that counsel would have discovered that "[the confidential informant] had involved [Wyche] in a fictitious drug deal to make money." (Doc. 9-2 at 93.) He further alleged that counsel would have discovered

from the deposition "[the confidential informant's] effort in getting [Wyche] arrested on lies." (Doc. 9-2 at 93.) He asserted that counsel "would have been able to advise [Wyche] correctly on all matters pertaining to [Wyche's] case before [Wyche] would make a decision to take a plea offer or go to trial." (Doc. 9-2 at 93.) Wyche did not submit with his motion an affidavit or testimony by the confidential informant to demonstrate that the confidential informant would have testified at the deposition in the manner that he contended. Because "'[s]peculation is insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation,'" the state postconviction court did not unreasonably deny the claim. *Brownlee*, 306 F.3d at 1060 (quoting *Aldrich*, 777 F.2d at 636).

Also, as explained above, even if the jury disbelieved the confidential informant, other evidence proved Wyche's guilt. Because Wyche could not demonstrate a reasonable probability that, but for counsel's failure to discover evidence that impeached the confidential informant, he would have rejected the extremely favorable ten-year plea offer, would have insisted on proceeding to trial, and would have risked a 120-year prison sentence, the state postconviction court did not unreasonably deny the claim. *Hill*, 474 U.S. at 59. Consequently, Ground Four warrants no relief.

### E. Ground Five

Wyche asserts that the statewide prosecutor lacked jurisdiction to charge him with a crime because no evidence proved that he committed a crime in more than one jurisdiction and that, consequently, the trial court lacked subject matter jurisdiction over the prosecution. (Doc. 1 at 10.)

The state postconviction court denied the claim because the claim was not cognizable in a motion for postconviction relief. (Doc. 9-2 at 107.) The state postconviction court denied the claim on an independent and adequate state procedural ground that bars federal review. FLA. R. CRIM. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). *LeCroy v. Sec'y, Dep't Corrs.*, 421 F.3d 1237, 1260 n.25 (11th Cir. 2005) (citing *Whiddon v. Dugger*, 894 F.2d 1266, 1267–68 (11th Cir. 1990)). However, the Respondent failed to assert the procedural bar, (Doc. 9 at 21–23), and therefore waived that defense. *Smith v. Sec'y, Dep't Corrs.*, 572 F.3d 1327, 1340 (11th Cir. 2009) ("If, on the other hand, the petitioner did raise the claim in the state courts but not at the time or in the manner required by state procedural rules, the resulting procedural bar defense may be waived by the State's failure to assert it.").

"Once a plea of guilty has been entered, non-jurisdictional challenges to the conviction's constitutionality are waived, and only a challenge to the voluntary and knowing

27

nature of the plea can be raised." *McCoy v. Wainwright*, 804 F.2d 1196, 1198 (11th Cir. 1986) (citing *McMann v. Richardson*, 397 U.S. 759 (1970)). "While an unconditional guilty plea acts as a waiver of all non-jurisdictional challenges to a conviction, challenges to subject matter jurisdiction cannot be waived." *United States v. Thompson*, 702 F.3d 604, 606 (11th Cir. 2012).

Even though Wyche asserts that the statewide prosecutor lacked "jurisdiction" to prosecute the crimes, a prosecutor's lack of authority to charge a crime does not divest the trial court of subject matter jurisdiction over the prosecution. In *Carbajal v. State*, 75 So. 3d 258, 260 (Fla. 2011), a defendant pleaded no contest to drug offenses and asserted in a postconviction motion that the statewide prosecutor lacked jurisdiction to prosecute the crimes and, therefore, the trial court lacked jurisdiction over the crimes. The Florida Supreme Court rejected this argument and held that "even assuming that the [the statewide prosecutor] in fact lacked jurisdiction to prosecute Carbajal, such a defect in the information would not divest the circuit court of jurisdiction over the felony offenses charged against Carbajal." *Id.* at 262. Because the claim attacking the statewide prosecutor's authority to prosecute does not challenge the trial court's subject matter jurisdiction, Wyche waived this claim by entering his plea. *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014).

28

Even if Wyche did not waive the claim, the state postconviction court determined that the statewide prosecutor had jurisdiction to prosecute the crimes and, therefore, the trial court had jurisdiction over the prosecution. (Doc. 9-2 at 107.) Whether the prosecutor lacked jurisdiction is an issue of state law, and a federal court defers to a state court's determination of state law. *Bradshaw*, 546 U.S. at 76. Article 4, Section 4(b), Florida Constitution, grants the statewide prosecutor broad jurisdiction to prosecute crimes that occur in more than one judicial circuit:

> The statewide prosecutor shall have concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws occurring or having occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is affecting or has affected two or more judicial circuits as provided by general law.

Section 16.56(1)(a)(1), (3), Fla. Stat. (2008), further authorizes the statewide prosecutor to investigate and prosecute racketeering and prostitution offenses. "The office shall have such power only when any such offense is occurring, or has occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more judicial circuits." § 16.56(1)(a), Fla. Stat. (2008). If the racketeering or prostitution offense is "facilitated by or connected to the use of the Internet," the statute presumes that the crime is "a crime occurring in every judicial circuit within the state." § 16.56(1)(b), Fla. Stat. (2008).

29

Wyche pleaded guilty to racketeering and human trafficking based on "coercion for commercial sexual acts." (Doc. 9-2 at 11, 15.) The amended information alleged that the racketeering and human trafficking offenses occurred "in every judicial circuit and county within the State of Florida." (Doc. 9-2 at 3, 7, 11.) In his plea agreement, Wyche stipulated to a factual basis for the statewide prosecutor's jurisdiction. (Doc. 9-2 at 18, 22.) At the change of plea hearing, the prosecutor summarized the evidence proving Wyche's guilt to establish a factual basis for the crimes and stated that the crimes "were all committed in the Sixth and Eleventh and Thirteenth Judicial Circuits and throughout the State of Florida as they were facilitated by the use of the internet." (Doc. 9-2 at 197.) Because both the amended information and the stipulated factual basis established that the statewide prosecutor had jurisdiction to prosecute the crimes, the state postconviction court did not unreasonably deny the claim. *Stovall v. State*, 252 So. 2d 376, 378 (Fla. 4th DCA 1971) ("A plea of guilty or of nolo contendere, if voluntarily and understandingly made, admits for the purposes of that particular case, all of facts charged . . . .").

Ground Five warrants no relief.

## IV. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may

issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Wyche must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Wyche has not made the requisite showing. Finally, because Wyche is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Wyche's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Wyche and in Respondents' favor and to **CLOSE** this case.

ORDERED in Tampa, Florida, on March 22, 2023.

Kathryn Kimball Mizelle
United States District Judge